Welch, <T.
This was an action to recover the possession of a lot in the city of Toledo. Both parties claimed title under sale on execution, each under a separate judgment against the owner of the lot. The judgment under which Stockman claimed was obtained by a proceeding in attachment, which was commenced by filing the proper affidavit, but without executing an undertaking for the indemnity of the defendant, as required by the statute. The judgment under which the plaintiffs in error claimed was rendered after the service of the attachment upon the lot, but before the rendition of the judgment in attachment. Before the rendition of the latter judgment the defendant in attachment entered his appearance, but took no exception ón account of the want of an undertaking. The simple question, therefore, was, whether the attachment was absolutely void for want of an undertaking. The common pleas and district courts held that it was not, and accordingly gave judgment for Stockman. In this we see no error. The undertaking is not essential to juris *299 diction in attachment. It is designed exclusively for the benefit of the defendant. He may waive it, and the omission to file it is a mere irregularity, of which he alone can take advantage. The effect of the omission is to render the proceeding voidable, but not absolutely void.

Judgment affirmed.

Brinke-rhorf, C.J., and Scott, White, and Day, JJ., concurred.